### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### HATTIESBURG DIVISION

**CHARLES CHATMAN, ET AL.**                                                              **PLAINTIFFS**

**v.**                                                       **Civil Action No. 2:09cv200-KS-MTP**

**CHASE HOME FINANCE, LLC.**                                                              **DEFENDANT**

### ORDER

THIS MATTER is before court on the Defendant's Emergency Motion to Quash Plaintiffs' Notice of Deposition and for Protective Order [43], Plaintiffs' Motion to Compel Discovery [44], and Plaintiffs' Motion for Extension of Time to Complete Discovery [45]. Having considered the submissions of the parties, the arguments of counsel during today's telephonic hearing, and the applicable law, the court finds that Defendant's Emergency Motion to Quash Plaintiffs' Notice of Deposition and for Protective Order [43] should be granted in part and denied in part, and that Plaintiffs' Motion to Compel Discovery [44] and Motion for Extension of Time to Complete Discovery [45] should be denied.

In its Emergency Motion to Quash Plaintiffs' Notice of Deposition and for Protective Order [43], Defendant claims that the Rule 30(b)(6) deposition notice for Chase Home Finance, LLC should be quashed, and a protective order should be entered prohibiting Plaintiffs from further attempting to notice the deposition of Chase. In support of its motion, Defendant claims that on November 22, 2010, Plaintiffs unilaterally noticed the deposition of Chase at 9:00 a.m. on November 30, 2010, the same time that the parties agreed to schedule the deposition of Carol Chatman. *See* Notice [42]. Defendant further claims that because Chase is a foreign corporation, Chase is required to be deposed, if at all, in the state of its principal place of business, New Jersey.

During the telephonic hearing, Plaintiffs made an *ore tenus* motion to take the deposition by telephone. That request will be granted. Defendant's motion will be granted to the extent that the deposition will not be taken on November 30, 2010, as noticed. However, Defendant shall make a Rule 30(b)(6) representative(s) available for deposition on December 1, 2010, at Chase's corporate office in Iselin, New Jersey, pursuant to Plaintiffs' Amended Deposition Notice [42]. Plaintiffs may take the deposition by phone, and if they so choose, shall be responsible for setting up the call and paying the costs for same. Defendant shall promptly provide Plaintiffs with the contact information for the deposition.

In their Motion to Compel [44], Plaintiffs seek an order compelling the Defendant to respond to unidentified discovery requests, claiming Defendant's responses are insufficient. Not only have the Plaintiffs failed to demonstrate that Defendant's responses are insufficient, the court finds that Plaintiffs' Motion [44] should be denied because it does not comply with the applicable rules. For example: 1) Plaintiffs failed to attach a good faith certificate to their motion as required by Local Rule 37(a); 2) Plaintiffs failed to quote the discovery requests and responses at issue, and the basis for compulsion as to each request as required by Local Rule 37(b); and 3) Plaintiffs' motion is untimely, as it was not filed sufficiently in advance of the extended discovery deadline so as not to affect the deadline, as required by Local Rule 7(b)(2)(B).

Plaintiffs' Motion for Extension of Time to Complete Discovery [45] should be denied. The parties were afforded a generous discovery period, including an extended discovery deadline of December 1, 2010. Indeed, in its Order extending the discovery deadline to December 1, 2010, the parties were notified that "they have obtained the maximum time extensions possible and [were] urged to govern themselves accordingly." *See* Text Order dated 10/22/10. Plaintiffs

have failed to show good cause to extend the deadline again.

During the telephonic conference the Defendant moved *ore tenus* to complete the deposition of Plaintiff Carol Chatman, as the deposition had been "tentatively" scheduled to be completed on November 30, 2010. The motion is granted; Carol Chatman's deposition shall take place on November 30, 2010, at Don Medley's office at a time to be agreed upon by the parties. If no time can be agreed upon, the deposition shall start at 9:00 a.m.

Finally, during the telephonic conference the parties moved *ore tenus* to extend the deadline to complete their settlement conference. The motion is granted; the settlement conference is scheduled for December 7, 2010, at 1:30 p.m. at the Federal Courthouse, Courtroom 2, in Hattiesburg, Mississippi before the undersigned. Accordingly,

IT IS, THEREFORE, ORDERED:

1. That Defendant's Emergency Motion to Quash Plaintiffs' Notice of Deposition and for Protective Order [43] is granted in part and denied in part as set forth herein.

2. That Plaintiffs' *ore tenus* motion to take Defendant's Rule 30(b)(6) deposition by telephone is granted.

3. That Plaintiffs' Motion to Compel Discovery [44] is denied.

4. That Plaintiffs' Motion for Extension of Time to Complete Discovery [45] is denied.

5. The parties' *ore tenus* motion to extend the deadline to complete their settlement conference is granted. The settlement conference is scheduled for December 7, 2010, at 1:30 p.m. at the Federal Courthouse, Courtroom 2, in Hattiesburg, Mississippi before the undersigned.

6. The Defendant's *ore tenus* motion to complete Carol Chatman's deposition is granted. Carol Chatman's deposition shall take place on November 30, 2010, at Don Medley's

office at a time to be agreed upon by the parties, or at 9:00 a.m.

SO ORDERED this the 24th day of November, 2010.

                                                  s/ Michael T. Parker
                                                  United States Magistrate Judge